UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

SHAUN PATRICK STEWART,

    Plaintiff,

v.                                                         Case No. 5:22-cv-623-WWB-PRL

STATE OF FLORIDA and
SUMTER COUNTY DISTRICT COURT,

    Defendants.
_____

**<u>ORDER</u>**

    Plaintiff Shaun Patrick Stewart, a detainee of the Sumter County Detention Center, filed pro se documents titled "Motion for [Emergency] Relief (for all cases)" and "Motion for [Emergency] Court Hearing or additional Relief, at the Judge[']s discretion" (Doc. 1) on November 28, 2022. In the documents, Plaintiff seemingly alleges he is currently "trapped in a mafia organized crime plot for 2 years," and his life is in danger at the Sumter County Detention Center. (*Id.* at 1). He states he has been blocked from all communications and received threats for not cooperating. (*Id.* at 8). He further alleges that there is a forged health evaluation which could result in him being sent to a mental institution. (*Id.* at 5–6). He requests the Court block the state court from sending him to a mental institution and the prosecutor from requesting another competency evaluation, and that the FBI investigate evidence for his "fake" cases. (*Id.* at 3, 9).

    It is unclear what type of lawsuit Plaintiff intends to bring. To the extent Plaintiff requests that this Court interfere with his ongoing state court proceeding, the Court declines to do so. Plaintiff should address his concerns in state court. If Plaintiff seeks to

challenge a state court judgment of conviction or sentence, he may initiate a habeas corpus case. To the extent Plaintiff is attempting to open a civil rights case, Plaintiff has not properly initiated a civil rights case under 28 U.S.C. § 1983. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). The Court has approved the use of forms for civil rights and habeas corpus cases, and Plaintiff will be provided with copies of these forms. *See* Local Rule 6.04(a) ("A pro se person in custody must use the standard form[.]"). To the extent Plaintiff requests that this Court contact other agencies or persons on his behalf, the Court may not grant such relief. This case will be dismissed without prejudice to Plaintiff's right to initiate a new case on the appropriate form if he so chooses.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice.**
2. The Clerk is directed to close this case.
3. The Clerk is directed to send Plaintiff a civil rights complaint form and a habeas corpus petition form. If Plaintiff chooses to refile his claims, he may do so on the appropriate form in the appropriate venue. He should not put this case number on the form because the Clerk will assign a new case number upon receipt.
4. The Clerk is directed to send a copy of Plaintiff's filings and this Order to Plaintiff's public defender.

**DONE AND ORDERED** at Orlando, Florida, on December 9, 2022.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party
Daniel Jordan Snow, Esq.